WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veronica Castro,<br><br>    Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-17-03633-PHX-ESW<br><br>**ORDER** |

  Pending before the Court is Plaintiff Veronica Castro's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her applications for supplemental security income and surviving child's insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 13).

  After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 19, 23, 24), the Court finds that the Administrative Law Judge's ("ALJ") decision

contains harmful legal error. For the reasons explained in Section II below, the decision is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits effective October 1, 2010 (the disability onset date).

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

The Social Security Act also provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a). The same definition of "disability" and five-step sequential evaluation outlined below governs eligibility for disabled child's insurance benefits. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2). In addition, in order to qualify for disabled child's insurance benefits several criteria must be met. 20 C.F.R. §§ 404.350(a)(1)-(5). For instance, if the claimant is over 18, the claimant must "have a disability that began before [she] became 22 years old." 20 C.F.R. §§ 404.350(a)(5).

To decide if a claimant is entitled to Social Security disability benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

- 2 -

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.
>
> **Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

> **Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that

---

[2] *Parra*, 481 F.3d at 746.

- 3 -

other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there

remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1989, has no past relevant work. (A.R. 27). In 2013, Plaintiff filed applications for supplemental security income and surviving child's insurance benefits. (A.R. 295-308). Plaintiff's applications alleged that on April 21, 2008, Plaintiff became unable to work due to interstitial cystitis/inflammation of the bladder, chronic abdominal and pelvic pain, anxiety disorder, nausea, muscle spasms in back, high blood pressure, acid reflux, and polysystic ovarian syndrome. (A.R. 78, 92). Social Security denied the applications in May 2013. (A.R. 177-85). In September 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 189-94). Plaintiff sought further review by an ALJ, who conducted a hearing on August 5, 2014. (A.R. 61-77). In a November 24, 2014 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 143-68). The Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case to the ALJ for further proceedings. (A.R. 168-73).

On remand, the ALJ held a second administrative hearing on November 8, 2016. (A.R. 61-77). On March 13, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (A.R. 15-28). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On October 10, 2017, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 1, 2010, the amended alleged onset disability date. (A.R. 18). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) pelvic floor dysfunction; (ii) interstitial cystitis; (iii) degenerative disc disease of the lumbar spine; (iv) migraines; (v) obesity; (vi) history of asthma; (vii) history of polycystic ovarian disease; (viii) migraine headaches vs. occipital neuralgia; and (ix) adjustment disorder with depressed and anxious moods. (A.R. 18). The ALJ's step two determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 18-21). Neither party disputes the ALJ's determination at this step.

#### 4. Steps Four and Five: Capacity to Perform Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), subject to a number of limitations. (A.R. 20). For instance, the ALJ determined that Plaintiff "should not work in a setting that includes constant regular contact with the public or more than infrequent handling of customer complaints." (*Id.*).

As Plaintiff has no past relevant work, the ALJ proceeded to Step Five and determined whether Plaintiff could perform any work existing in significant numbers in

the national economy. (A.R. 27). Based on the assessed RFC and the testimony of the Vocational Expert ("VE"), the ALJ concluded that Plaintiff is capable of performing the requirements of representative occupations such as addressor, document preparer, and table worker. (A.R. 28). Plaintiff disputes this determination, asserting that the ALJ improperly weighed the opinions of her treating physicians and improperly discredited her subjective complaints.

### C. The ALJ Failed to Give Specific and Legitimate Reasons for Discounting Drs. Stacia Kagie and Castellanos' Opinions

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (ii) examining physicians, who examine but do not treat the claimant; and (iii) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id*. at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that the physician's opinion is inconsistent with and not supported by the record as a whole. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Plaintiff's treating physicians Stacia Kagie, D.O. and Mario Castellanos, M.D. completed Medical Assessments in 2013, 2014, and 2016. (A.R. 1277-78, 1530-31, 1653-56, 1657-60, 2094-95, 2191-94). Drs. Kagie and Castellanos stated that Plaintiff has a number of symptoms resulting from her medically determinable impairments, such

as pelvic and low back pain, bodyaches, and fatigue (A.R. 1659, 2193). In July 2014, Dr. Castellanos opined that Plaintiff can sit for two hours in an eight-hour workday, can stand/walk less than two hours in an eight-hour workday, and can lift/carry less than ten pounds. (A.R. 1657). In November 2016, Dr. Kagie opined that Plaintiff had these same limitations, except that Dr. Kagie opined that Plaintiff can sit for less than two hours in an eight-hour workday. (A.R. 2191). The parties agree that the ALJ could not reject Drs. Kagie and Castellanos' opinions without first providing specific and legitimate reasons supported by substantial evidence in the record.

In a single paragraph, the ALJ explained that he gave Drs. Kagie and Castellanos' opinions little weight. (A.R. 26). The ALJ first stated that the opinions

> are not supported by objective evidence and are inconsistent with the record as a whole. These doctors primarily summarized in the treatment notes the claimant's subjective complaints, diagnoses, and treatment, but they did not provide objective clinical or diagnostic findings to support the functional assessments. These opinions are inconsistent with the objective findings already discussed above in this decision which show improvement with treatment.

(*Id.*).

The Ninth Circuit has explained that "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Id.* An ALJ is "not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) (stating that "there

- 8 -

is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments").

Each of the Medical Assessments completed by Drs. Kagie and Castellanos' indicate that the opined limitations could "reasonably be expected to result from [documented] objective clinical or diagnostic findings[.]" (A.R. 1278, 1531, 1654, 1660, 2095, 2192, 2194). The Court finds that the ALJ's first reason for discounting Drs. Kagie and Castellanos' opinions is not sufficiently specific. *See Garrison*, 759 F.3d at 1013 (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence") (quoting *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

As another reason for discounting Drs. Kagie and Castellanos' opinions, the ALJ found that the "opinions are also inconsistent with the claimant's admitted activites of daily living that have already been described above in this decision." (A.R. 26). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with

testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day").

Finally, the ALJ stated that "[b]oth physicians rendered limitations based in part on psychological conditions when they were unqualified to do so." (A.R. 26). While the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a non-specialist, the ALJ improperly discounted Drs. Kagie and Castellanos' opinions on the basis that they are not mental health specialists. *See Lester*, 81 F.3d at 833 (ALJ may not disregard a doctor's opinion as to claimant's mental functioning for the reason that the doctor is not a mental health specialist); *Kennelly v. Astrue*, 313 F. App'x 977, 978 (9th Cir. 2009) (ALJ could not discount doctor's testimony regarding claimant's mental impairments solely because the doctor was not a mental health specialist).

For the above reasons, the Court finds that the ALJ discounted Drs. Kagie and Castellanos' opinions without providing specific and legitimate reasons that are supported by substantial evidence in the record. This is harmful error that requires remand.

### D. The Case will be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. The VE's testimony establishes that if Drs. Kagie and Castellanos' opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. (A.R. 59). The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th

Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective October 1, 2010 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective October 1, 2010.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 31st day of January, 2019.

_____
Eileen S. Willett
United States Magistrate Judge